(46 Misc. Rep. 188.)

CULLINAN, State Excise Com'r, v. CLARK et al.

(Supreme Court, Trial Term, New York County. December, 1904.)

HOTELS—DEFINITION—ACCOMMODATION OF REGULAR BOARDERS.

Under Liquor Tax Law, Laws 1903, p. 1132, c. 486, § 31, subd. "k," defining a hotel as a building regularly kept open for the accommodation of all able to pay for their entertainment and who, without any stipulated engagement as to the duration of their stay, or as to compensation, are supplied with meals, lodgings, and attention, and in which the only other dwellers are the family and servants of the hotel keeper, the fact that certain dwellers in the building pay a stipulated weekly or monthly sum for their entertainment does not deprive an establishment otherwise within the terms of the statute of its character as a hotel.

Action by Patrick W. Cullinan, as State Commissioner of Excise, against Francis A. Clark and another. On a motion for new trial after verdict for defendants. Motion denied.

Herbert H. Kellogg (Albert O. Briggs and Herbert H. Kellogg, of counsel), for plaintiff.
James J. Walsh, for defendant Clark.
J. Frank Yawger, for defendant United States Guarantee Co.

GIEGERICH, J. This action is brought by the State Commissioner of Excise of the state of New York against the defendant Clark as principal and the defendant the United States Guarantee Company as surety to recover $1,800, the penalty of a liquor tax bond. Various violations of the liquor tax regulations are averred, and sharply conflicting testimony was given upon the trial as to such alleged violations; but the verdict of the jury in favor of the defendants renders it unnecessary to discuss any but one of these instances, namely, the one of June 7, 1903, and even as to this practically the only issue is whether the premises in question did or did not constitute a hotel within the definition of that term, as given in section 31 of the Liquor Tax Law as that section existed and was in effect on the date last mentioned (see chapter 486, p. 1131, of the Laws of 1903, amending, among other portions of the act in ques-

tion, section 31 thereof). That section, in subdivision "k" thereof, among other things, makes the following definition:

"The term 'hotel' as used in this act shall mean a building regularly used and kept open as such for the feeding and lodging of guests, where all who conduct themselves properly, and who are able and ready to pay for their entertainment, are received, if there be accommodations for them, and who, without any stipulated engagement as to the duration of their stay, or as to the rate of compensation, are, while there, supplied, at a reasonable charge, with their meals, lodgings, refreshment and such service and attention as are necessarily incident to the use of the place as a temporary home, and in which the only other dwellers shall be the family and servants of the hotel keeper."

On behalf of the plaintiff it is insisted that the testimony of the defendant Clark himself showed that the place he kept was not a hotel within the terms of the above quotation, since it appeared that some of the dwellers in the building paid a stipulated weekly or monthly sum for their respective apartments, and, consequently, that they constituted "other dwellers" beside the guests and family and servants of the hotel keeper. At first blush it might appear that this contention is well founded; but when the section in question is read in the light of the well-known and long-established rules as to what constitutes a hotel and what are the duties and obligations of a hotel keeper, I am satisfied that the inmates of the building who thus paid at a stipulated rate of compensation should properly, so far as the evidence in this case shows, be termed "guests." That there were rooms of the size and number required by the statute, kept open and free for the accommodation of transient guests who might apply, was shown by the testimony of the defendant Clark. It is claimed that this testimony was contradicted by that of the witness Levis, the agent of the building in charge at the time of some of the later alleged violations, to wit, those of December, 1903, and January, 1904. An examination of his testimony shows, however, that he testified only to the condition of affairs in December, 1903, and January, 1904, and expressly stated that he could not say "what the condition of things was on the date June 7, 1903."

The verdict of the jury, upon sufficient evidence, has, therefore established the fact that the defendant Clark, on the date in question, used and kept open his building for the feeding and lodging of guests, and had therein accommodations of the extent and character required by the statute for the use of transient visitors who might apply and who conducted themselves properly and were able and ready to pay for their entertainment, and that such entertainment was offered to such transient visitors without any requirement on the part of the landlord of a previous stipulated engagement as to the duration of their stay or as to the rate of compensation. The mere presence of some guests, who have made a stipulated engagement as to the duration of their stay, or as to the rate of compensation they should pay, cannot operate to deprive that which is a hotel of its character as such. The test is what the landlord is willing to do and sometimes does in the way of receiving visitors without any agreement as to rate or time, and not what he may do in other cases and with other visitors in the way of making such engagements in advance. Were it otherwise, a visitor

would, by asking the price of rooms, and selecting one at some specified rate, and engaging it for one night, or two nights, or any other stated term, change the character of the oldest or largest or best-established hostelry, and render, within the meaning of the statute, not a hotel that which in common acceptance and under ancient and well-established rules of law is a hotel. If such an interpretation of the statute were recognized, it is doubtful if there is a single public house in the state that continues to be a "hotel" from one year's end to another. My conclusion is that the words "other dwellers" mean other than guests of either character; that is, either those who are in the hotel under a stipulated engagement or those there without any such engagement.

The motion for a new trial is therefore denied.